# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY B. TAYLOR, | CASE NO. 1:07-cv-01106-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | (Doc. 9) |
| _____/ | |

Plaintiff Timothy B. Taylor ("Plaintiff") is a federal prisoner proceeding pro se in this civil action. Almost one year has passed since the commencement of this action and Plaintiff has not paid the $350.00 filing fee in full or filed a completed application to proceed in forma pauperis. The Court's most recent order, filed March 31, 2008, ordered Plaintiff to either pay the filing fee or file an application to proceed in forma pauperis within forty-five days. Plaintiff has not complied with or otherwise responded to the Court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

---

[1] The United States Postal Service returned the order on April 8, 2008, as undeliverable. A notation on the envelope indicates that Plaintiff is no longer at that prison. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

2   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

3   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

4   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

5   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

6   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

7   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

8   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

9   failure to lack of prosecution and failure to comply with local rules).

10          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

11  order, or failure to comply with local rules, the Court must consider several factors: (1) the public's

12  interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk

13  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

14  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

15  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

16          In the instant case, the Court finds that the public's interest in expeditiously resolving this

17  litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case

18  has been pending since June 28, 2007.  The third factor, risk of prejudice to defendants, also weighs

19  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

20  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

21  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

22  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

23  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

24  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d

25  at 1424.  The Court's order requiring Plaintiff to file an amended complaint expressly stated: "The

26  failure to comply with this order will result in dismissal of this action."  Thus, Plaintiff had adequate

27  warning that dismissal would result from his noncompliance with the Court's order.

28  ///

Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to either pay the filing fee or file an application to proceed in forma pauperis.

IT IS SO ORDERED.

**Dated:    June 10, 2008**                          **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE